**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **NOELIA ACIDIS SANTOS,** §<br>§<br>*Petitioner*, §<br>§<br>**v.** §<br>§<br>**PAMELA BONDI,** *in her official capacity* §<br>*as* Attorney General, U.S. Department of §<br>Justice; §<br>**KRISTI NOEM,** *in her official capacity as* §<br>Secretary, U.S. Department of Homeland §<br>Security;[1] and §<br>**JOEL GARCIA,** *in his official capacity as* §<br>Director, El Paso Field Office, U.S. §<br>Immigration and Customs Enforcement, U.S. §<br>Department of Homeland Security, §<br>§<br>*Respondents*. §<br>§ | **EP-26-CV-00736-DCG** |

## ORDER TO SHOW CAUSE

Petitioner Noelia Acidis Santos ("Petitioner") challenges her detention pursuant to 28 U.S.C. § 2241.[2] The issues raised in the Petition require an answer from Respondents. The Court therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

---

[1] Although Former Secretary Noem has ceased to hold office, the Court will wait to order substitution until her successor has been appointed. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns[] or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . The court may order substitution at any time . . . .").

[2] *See generally* Pet., ECF No. 1.

## I.    Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on March 13, 2026, while detained at Camp East Montana in El Paso, Texas.[3] Petitioner challenges her detention on statutory, administrative, and constitutional grounds.[4] Petitioner asks the Court to order, *inter alia*, her immediate release or a bond hearing.[5]

Petitioner further moved the Court for a temporary restraining order or, alternatively, a preliminary injunction (1) enjoining Respondents from detaining her under 8 U.S.C. § 1225(b)(2) and (2) requiring her release.[6]

## II.    Discussion

### A.    Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge their confinement as unlawful by filing a habeas corpus petition.[7] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition.

---

[3] *See id.* at 2.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[4] *Id.* at 21–22.

[5] *Id.* at 22–23.

[6] *See generally* Mot. TRO/PI, ECF No. 3.

[7] *See* 28 U.S.C. § 2241(c) (requiring petitioners to show that they are "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[8]

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[9] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[10] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[11] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[12] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[13]

---

[8] *See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[9] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[10] 28 U.S.C. § 2243.

[11] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[12] 28 U.S.C. § 2243.

[13] *See, e.g., Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

### B.      *Ex Parte* Temporary Restraining Order

The purpose of a TRO "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[14] The Court may *only* issue a TRO without notice to the adverse party if the movant (1) demonstrates "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition;" *and* (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."[15]

Petitioner asks the Court to issue a TRO or preliminary injunction granting the ultimate relief requested.[16] The Motion, however, does not certify efforts already made to give notice or address the reasons why notice should not be required.[17] The Court therefore denies "Petitioner's Motion for a Temporary Restraining Order or Preliminary Injunction" (ECF No. 3) and will rule on the merits of the Petition after Respondents have been given the opportunity to respond.

---

[14] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

[15] FED. R. CIV. P. 65(b)(1). By contrast, "[t]he court may issue a preliminary injunction only on notice to the adverse party." FED. R. CIV. P. 65(a)(1).

[16] *See generally* Mot*.* TRO.

[17] *See generally id.*

Nonetheless, the Court assures Petitioner that it has reviewed both the Motion and its accompanying exhibits. Recognizing the gravity of Petitioner's arguments for preliminary relief, the Court will endeavor to address the Petition as soon as it can after Respondents submit their response.

## III.    Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Verified Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **March 26, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within three days after Respondents serve their response.[18] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[19]

The Court **DENIES** Petitioner's "Motion for a Temporary Restraining Order or Preliminary Injunction" (ECF No. 3).

The District Clerk shall **SERVE** copies of the "Verified Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[20]

---

[18] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[19] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[20] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

**So ORDERED and SIGNED this 23rd day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**