**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **NOELIA ACIDIS SANTOS,** | § | |
| | § | |
| *Petitioner*, | § | |
| **v.** | § | |
| | § | |
| | § | |
| **TODD BLANCHE,** *in his official capacity as* Acting Attorney General of the United States, | § | |
| | § | |
| | § | |
| | § | **EP-26-CV-00736-DCG** |
| **MARKWAYNE MULLIN,** *in his official capacity as* Secretary, U.S. Department of Homeland Security; *and* | § | |
| | § | |
| | § | |
| **JOEL GARCIA,** *in his official capacity as* Director, El Paso Field Office, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Respondents*. | § | |

## ORDER FOR EVIDENTIARY HEARING

On April 23, 2026, Petitioner Noelia Acidis Santos ("Petitioner") filed a "Notice to the Court of Ongoing Medical Care Issues."[1] Petitioner alleges that she has received substandard prenatal care in ICE detention and requests expedited consideration of her case.[2] For the following reasons, the Court **ORDERS** the parties to appear for an evidentiary hearing on **Wednesday, May 13, 2026 at 10:15 AM Mountain Time**.

---

[1] *See generally* Notice, ECF No. 8.

[2] *Id.* at 1.

## I.   Background

Immigration and Customs Enforcement ("ICE") detained Petitioner on January 2, 2026.[3] "After ICE took custody of Petitioner, she received a medical evaluation, at which she found out that she was pregnant."[4] She now argues (among other things) that her detention violates an ICE directive that instructs the agency not to detain pregnant women absent exceptional circumstances.[5]

Petitioner states that since ICE detained her, she experienced symptoms that led her "to believe that she would miscarry or give birth prematurely in detention."[6] On March 11, 2026, she was hospitalized for "lower abdominal and pelvic pain."[7] On April 13, 2026, she again sought medical attention for "lower back, lower abdomen, and pelvis" pain.[8] Petitioner alleges that—at that visit—the medical staff at the El Paso Service Processing Center told her that "they could not find a fetal heartbeat."[9] Yet, according to Petitioner, when ICE "sent [her] to a nearby hospital, . . . trained medical professionals [at that hospital] told [her] the baby was still alive and easily detected the fetal heartbeat."[10] As such, Petitioner is concerned that "the medical staff at

---

[3] *See* Pet., ECF No. 1, at 2.

[4] Resp., ECF No. 6, at 5.

[5] Pet. at 6, 21.

[6] *See* Notice at 1.

[7] Pet. at 19–20.

[8] *See* Notice at 1.

[9] *Id.*

[10] *Id.*

the detention facility are unqualified to provide even basic medical care for pregnant women like [herself]" and asks the Court to consider her case on an expedited basis.[11]

## II.    Discussion

More than 150 new immigration habeas petitions have been assigned to the undersigned Judge since June 2025.[12] The Court has followed the principle that, absent "overriding interests (such as medical need), fairness considerations favor resolving older petitions before newer ones."[13] Accordingly, the Court has been reluctant to expedite rulings in habeas cases unless the "Petitioner can identify some circumstance that would justify deciding her Petition before [those] filed before hers."[14]

Here, Petitioner has identified circumstances that could justify expedited consideration. Indeed, the Court has elsewhere observed that Petitioner appears to be facing "far more dire circumstances" than at least one other petitioner who has requested expedited relief.[15] The Court thus finds it appropriate to hold a prompt evidentiary hearing for Petitioner to substantiate her most recent claims and for Respondents to have the opportunity to respond.

---

[11] *Id.*

[12] *Autry v. Ahern Rentals, Inc.*, No. 3: 19-CV-00154-DCG, 2026 WL 1232298, at *17 n.202 (W.D. Tex. May 5, 2026) (citing *Huanaga -Luna v. Bondi*, No. 3:26-CV-00462, 2026 WL 822444, at *1 (W.D. Tex. Mar. 19, 2026)).

[13] *Huanaga-Luna*, 2026 WL 822444, at *1.

[14] *Id.*

[15] *Id.* at *2 (citing Petitioner's case as an example of a detainee in "in far more dire circumstances" than the detainee who had requested expedited relief in that case).

**III.     Conclusion**

For the foregoing reasons, the Court **ORDERS** attorneys for Petitioner and Respondents to **APPEAR** for an **IN-PERSON HEARING**. The hearing will take place on **Wednesday, May 13, 2026 at 10:15 A.M. Mountain Time** in Courtroom Number 322, on the third floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

The Court **ORDERS** Respondents to produce Petitioner Noelia Acidis Santos at the hearing.[16] If an interpreter is required, Petitioner's counsel **MUST INFORM** the Court as soon as possible.

The Court **ORDERS** Respondents to produce at least one medical employee for ICE who examined Petitioner on April 13, 2026.[17] If one is not available, Respondents **SHALL** produce another medical employee for ICE who can testify to Petitioner's condition and medical care in immigration custody.

The parties **SHALL** prepare any other evidence that will assist the Court in determining whether Petitioner's prenatal care and other circumstances justify expedited consideration of this case.

Absent extraordinary circumstances, the Court will **NOT** consider requests to hold the hearing via videoconference.

---

[16] *See* 28 U.S.C. § 2243 ("Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.").

[17] *Cf.* Notice at 1.

Although the Court **MAY** consider requests to move the hearing to a different date to accommodate the participants' respective schedules, the Court will **NOT** consider any such request filed after **May 11, 2026**, except in extraordinary and unforeseeable circumstances.

The Court **DIRECTS** the Clerk of Court to **SUBSTITUTE** Secretary Mullin in Former Secretary Noem's place as a Respondent in the above-captioned case.[18]

The Court likewise **DIRECTS** the Clerk of Court to **SUBSTITUTE** Acting U.S. Attorney General Blanche in Former Attorney General Bondi's place as a named Respondent in this case.[19]

**So ORDERED and SIGNED this 7th day of May 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[18] *Compare* Pet. at 5, *with* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . . The court may order substitution at any time . . . .").

[19] *See supra* note 18.